316 N.E.2d 413 (1974)
Zarko SEKEREZ in the Name of the State of Indiana, Plaintiff-Appellant,
v.
UNITED STATES STEEL CORPORATION, Defendant-Appellee.
No. 3-574A81.
Court of Appeals of Indiana, Third District.
September 11, 1974.
Zarko Sekerez, Merrillville, for plaintiff-appellant.
Jay A. Lipe, Michael D. Freeborn, Hackbert, Rooks, Pitts, Fullager & Poust, Chicago, Ill., G. Edward McHie, McHie, Enslen & Moran, Hammond, for defendant-appellee.

*414 ON THE APPELLEE'S MOTION TO DISMISS APPEAL OR, IN THE ALTERNATIVE, TO AFFIRM JUDGMENT
PER CURIAM.
This cause is pending before us on the Appellee's Motion to Dismiss Appeal or, in the Alternative, to Affirm Judgment, which motion alleges, inter alia, that this appeal is not within the jurisdiction of the Court of Appeals because the trial court found the statute relied upon by the plaintiff to be unconstitutional.
The record reveals that plaintiff-appellant filed his Complaint For Declaratory Judgment and Equitable Relief pursuant to Public Law 182, IC 13-6-1-1, Ind. Ann. Stat. (Burns' Supp. 1971) alleging, in substance, that the defendant was, and for a number of years past had, discharged certain chemicals and deleterious matter into the waters of the Calumet River and Lake Michigan, and prayed the Court to make a declaratory judgment concerning pollution of the environment by defendant, and further prayed the Court to grant temporary and permanent equitable relief to protect the environment.
To this complaint the defendant filed a Motion to Dismiss which alleged that the complaint failed to state a claim upon which relief can be granted and that the Court lacked jurisdiction to hear the case. Thereafter defendant filed a lengthy brief in support of the Motion to Dismiss. Defendant's brief is divided into pleading paragraphs I and II, and numerous rhetorical paragraphs under each pleading paragraph. For the purposes of this opinion, we focus our attention on Pleading Paragraph I, Rhetorical Paragraph D, subparagraphs 1 through 5.
Paragraph D is headnoted as follows:
"D. The statute on which plaintiff rellies is constitutionally invalid on its face and constitutionally invalid as the plaintiff seeks to apply it here."
Sub-paragraph (1) is headnoted:
"(1) The statute is unconstitutionally vague and uncertain."
The essence of this paragraph is that the demands of the plaintiff, if granted, would deprive defendant of its property without due process of law; that statutes which constitute an exercise of the police power must be clear and definite, and that nowhere in the statute are there any definitions of the words "pollution", "impairment", or "destruction".
Sub-paragraph (2) is headnoted:
"(2) If the statute is strictly construed to avoid defects of vagueness, it is unconstitutionally restrictive."
This paragraph alleges that regulations and restrictions upon the use and control of private property imposed for the general welfare of the public, must be reasonably related to the legitimate ends sought to be achieved. The demands of the plaintiff in this case, if granted, would violate those requirements and constitute a deprivation of property without due process.
Sub-paragraph (3) is headnoted:
"(3) The statute unconstitutionally delegates legislative authority."
This paragraph argues that the statute involved in this case purports to confer upon the executive and judicial branches of the government the power of determining in individual cases, without legislative standards, what activities are, or may be in violation of the law, all in contravention of Article 3, § 1 of the Indiana Constitution.
Sub-paragraph (4) is headnoted:
"(4) Plaintiff's action has been pre-empted by direct federal regulation in *415 the area pursuant to the Federal Water Pollution Control Act Amendments of 1972, Pub.L. 92-500, 33 U.S.C.A. § 1251 et seq."
Defendant argues in this paragraph that by constitutional mandate, the foregoing federal legislation pre-empts and supersedes all other statutes which are inconsistent with it. Article VI, Clause 2, of the Constitution of the United States provides that the "laws of the United States ... shall be the supreme law of the land." Defendant's argument then continues to assert that by reason of the supremacy clause of the United States Constitution, the Indiana statute is unconstitutional.
Sub-paragraph (5) is headnoted:
"(5) The statute is unconstitutional as the plaintiff seeks to apply it here."
The essence of this argument is that the plaintiff seeks to apply Public Law No. 182 to the defendant, in the name of the State of Indiana, when the State, by its Stream Pollution Control Board has itself already made its determination as to the discharges made by the defendants; that to deprive defendant of its right to rely upon administrative determinations by duly authorized state officials is a deprivation of a property right prohibited by both the state and federal constitutions.
The plaintiff thereafter filed his brief opposing the Motion to Dismiss. The defendant thereafter filed its reply brief in support of Motion to Dismiss, which, for the most part, re-argues the points previously argued in defendant's original brief in support of its Motion to Dismiss.
The trial court, after hearing argument on the defendant's Motion to Dismiss, entered judgment sustaining the defendant's Motion to Dismiss. The trial court's judgment is as follows:
"This Cause came on for hearing on November 30th, 1973, on the Motion to Dismiss of Defendant, United States Steel Corporation. The Cause was submitted on said defendant's motion to dismiss. Argument heard, and after the Court heard defendant's counsel's argument on defendant's motion to dismiss comes now the Plaintiff and files its affidavit, which affidavit is in the following words and figures, to-wit: (H.I.)
Arguments of counsel heard and concluded.
"IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Motion to Dismiss of defendant United States Steel Corporation is now sustained, for all of the reasons stated in the briefs filed by said defendant on November 6, 1973, November 28, 1973, and November 30, 1973, and this cause of action is now ordered dismissed, with prejudice. Costs are assessed against the Plaintiff."
We take particular note of these words of the judgment: "for all of the reasons stated in the briefs filed by said defendant..." (emphasis supplied). In considering the above set out arguments in the defendant's Motion to Dismiss, together with the trial court's judgment, we conclude that the intent of the trial court's judgment was to declare Public Law 182, IC 13-6-1-1, Ind. Ann. Stat. (Burns Supp. 1971) unconstitutional in the particulars as alleged by defendant. That being the case, we find that jurisdiction of this case is in the Supreme Court of Indiana, pursuant to Rule AP. 4(A)(8), and the same should be transferred to the Supreme Court pursuant to Rule AP. 15(L).
This cause is now ordered transferred to the Supreme Court of Indiana.